Mark F. Brinton (SBN 7674)
**Law Office of Mark F. Brinton**
1745 South Alma School Road, Suite 100
Mesa, AZ 85210-3010
(480) 756-2256
Facsimile (480) 464-0602
Mark.Brinton@azbar.org
Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Angela Gann | ) | No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND DEMAND** |
| vs. | ) | **FOR JURY TRIAL** |
| | ) | |
| Banner Health, an Arizona | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Angela Gann, through her undersigned counsel, alleges as follows:

1) Plaintiff Angela Gann is an adult female Caucasian who is and at all relevant times herein was a resident of Maricopa County, Arizona;

2) Defendant Banner Health was an Arizona corporation engaged in providing health care to the public at all relevant times herein;

3) The United States District Court for the District of Arizona has jurisdiction over Gann's claim for Defendant's violation of Title VII's proscription of racial discrimination, pursuant to Civil Rights Act of 1964, as amended, 42 USCA Section

2000e-2(a)(1), and b) retaliation, pursuant to Section 2000e-3(a);

5) Gann meets the Title VII definition of employee pursuant to 42 USCA 2000e-(a);

6) Defendant meets the Title VII definition of employer pursuant to 42 USCA 2000e-(b);

7) Defendant employed more than 500 for each of 20 or more calendar weeks in the current or preceding calendar year;

8) Defendant initially hired Gann on or about 15 March 1999 where she worked for over five years until 18 November 2005, when she left in order to devote more time to her own retail business;

9) On about 5 May 2006, Defendant hired Gann again, and placed her in the position of Placement Specialist;

10) On or about 14 August 2006, Defendant hired Vanessa Njorge, an African-American, despite the fact that there was no work for her because additional hours could have been distributed among employees Sabrina Martinez, Dolores _____ and Gann, thereby nullifying any need for a new employee;

11) Defendant's effort to increase the number of employees of color was a motivating factor in its decision to hire Njorge;

12) During the month of August 2006, Gann and other staffing personnel complained to supervisor Margaret Onisko that co-worker Njorge was incapable of

competently executing her employment responsibilities;

13) Early in the morning of a day in late September 2006, Onisko called Gann at her home and reprimanded her for improperly working the hours scheduled for a co-worker, only to learn that it was Njorge who was guilty of that misconduct.  Onisko assured Gann that she would address the matter with Njorge, but as of that night, had failed to do so;

14) On 3 October 2006, Onisko met with Gann and complimented her on her job performance, while never citing any form of dissatisfaction with her work;

15) Ultimately, on 28 October 2006, Onisko became so frustrated with the complaints from not only Gann, but from three other employees, as well, that Njorge's careless job performance was hampering the department, in an effort to protect the African-American Onisko terminated Gann's employment, with the explanation that her performance was poor.  When Gann expressed disbelief, however, and requested proof of her poor performance, Onisko refused to articulate any precise basis for termination;

16) On Monday, 31 October 2006, Trish Bross stated to Onisko that she hoped that Onisko had not fired Gann because of poor performance, because, Bross explained, it was Njorge who continually made the same mistakes, to which Onisko responded, "We'll just have to work with her then;"

17) At no time after Banner hired Gann did Onisko express, her dissatisfaction

3

with Gann's work performance;

18)  In early November 2006 Janet Merrill complained to management that she had discovered Njorge viewing pornography on her Banner Health computer in the staffing office;

19) Despite the fact that the of viewing pornographic material on one's Banner Health computer constituted grounds for immediately termination, Onisko declined to terminate Njorge's employment after determining the veracity of the charge;

20) Onisko ignored Merrill's charge against Njorge because Onisko sought to promote the racial diversity among her subordinates and concluded that regardless of Njorge's misconduct, Onisko determined to protect her employment at all cost;

21) In fact, even as Gann sought unemployment compensation, Onisko drafted a response that was riddled with false and misleading statements, including the claim that Gann's poor performance required her termination, despite her consistent failure to provide any written proof of any specific issue of poor performance;

22) Because Onisko's racially discriminated against Gann with reckless disregard for her federally-protected rights, an award of punitive damages is necessary in order to deter similar discrimination in the future;


**VERIFICATION BY PLAINTIFF**

Pursuant to 28 USC Section 1746, I declare and verify under penalty of

perjury that the factual allegations within the foregoing Complaint are true.

Signed by Plaintiff on hard copy
Angela Gann

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury, pursuant to FRCP Rule 38, the United

States Constitution Seventh Amendment, and 42 USC 1981a (a, c).

## RELIEF REQUESTED

Based upon the foregoing, Plaintiff Haskin seeks judgment against Defendant Ebony

House, Inc., for the following relief:

### Count One: Title VII - Racial Discrimination

1) Compensatory damages

2) Punitive damages

3) Reasonable attorney fees pursuant to 42 USC 2000e-5(K)

RESPECTFULLY SUBMITTED THIS 23rd day of August 2007,

LAW OFFICE OF MARK F. BRINTON

By /s/ Mark F. Brinton
    Mark F. Brinton
    Counsel for Plaintiff Angela Gann

Electronically filed this 23rd day
of August 2007

Mark F. Brinton